IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHESTER L. NEAL, JR., )<br>#47350-044, )<br> )<br>    Petitioner, )<br> )<br>v. )<br> )<br>ALAN COHEN, )<br> )<br>    Respondent. ) | CASE NO. 2:22-cv-608-MHT-JTA |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Chester L. Neal, Jr., proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. No. 1.) At the time he filed his Petition, Neal was incarcerated at the Montgomery Federal Prison Camp in Montgomery, Alabama, and he sought calculation and application of his earned time credits under the First Step Act of 2018 ("FSA"). (*Id*.) The Bureau of Prisons ("BOP") inmate database demonstrates Neal was subsequently released from BOP custody on August 9, 2024. *See* https://www.bop.gov/inmateloc/# (last visited on July 30, 2025)).[1] His current whereabouts are unknown.

With regard to whether a 28 U.S.C. § 2241 action has been rendered moot, the Eleventh Circuit has explained:

> Article III of the Constitution "limits the jurisdiction of federal courts to 'cases' and 'controversies,'" and the justiciability doctrine's main

---

[1] In response to the Petition, Respondent provided that the BOP calculated Neal's earned time credits and applied them to his sentence on February 11, 2023, at which time his pre-release custody (home detention) eligibility date was set for August 9, 2024 and his projected release date was set for January 28, 2025. (Docs. No. 12, 12-1.)

> components include mootness. *See Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011) (quotation marks omitted). A cause of action becomes moot "when it no longer presents a live controversy with respect to which the court can give meaningful relief." *See id.* (quotation marks omitted).[]
>
> "As a general rule, a habeas petition presents a live case or controversy only when a petitioner is in custody." *Salmeron-Salmeron v. Spivey*, 926 F.3d 1283, 1289 (11th Cir. 2019); *see also* 28 U.S.C. § 2241(c)(3)). The Supreme Court has held that the "in custody" requirement of § 2241 is satisfied if restrictions have been placed on a petitioner's freedom of action or movement. *See Jones v. Cunningham*, 371 U.S. 236, 243[] (1963). This means that once a petitioner's custodial sentence has expired, "some concrete and continuing injury . . . some 'collateral consequence' . . . must exist if the suit is to be maintained." *Spencer v. Kemna*, 523 U.S. 1, 7[] (1998)[.]
>
> Ultimately, the burden remains on the petitioner to establish that his case still presents a live "case or controversy" by demonstrating that a collateral consequence of his imprisonment persists after his release. *See Mattern v. Sec'y for Dep't of Corrs.*, 494 F.3d 1282, 1285 (11th Cir. 2007). So where a habeas petitioner has been released from detention . . . and he has not raised a challenge to a "collateral consequence," we've held that his . . . habeas petition has become moot.

*Djadju v. Vega*, 32 F.4th 1102, 1106–07 (11th Cir. 2022). In the end, "[t]he fundamental question is whether events have occurred that deprive [the Court] of the ability to give the [petitioner] meaningful relief." *Id*. at 1107 (citation omitted).

Here, Neal sought calculation of his earned time credits under the FSA and a subsequent reduced sentence. (Docs. No. 1, 1-1.) Records reflect that Neal was subsequently released from custody in August of 2024. At this juncture, there is no indication that a "collateral consequence" of Neal's imprisonment has persisted after his release. Thus, because Neal has been released from BOP custody since the filing of his Petition and has not raised a challenge to a "collateral consequence," the undersigned finds

2

that a favorable decision on the merits would no longer provide him any meaningful relief.[2] *See Djadju*, 32 F.4th at 1107.

Accordingly, for these reasons, the undersigned Magistrate Judge RECOMMENDS that this 28 U.S.C. § 2241 action be DISMISSED as MOOT.

It is further ORDERED that, on or before **August 15, 2025**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

---

[2] To the extent Neal wishes to demonstrate a collateral consequence of his imprisonment that he believes has persisted after his release, he may do so by filing an objection to this Recommendation in accordance with the terms set forth below.

DONE this 31st day of July, 2025.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE